YESUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BRANDIE RHODES, } | |
| } | |
| Plaintiff, } | |
| VS. } | CIVIL ACTION NO. G-07-192 |
| } | |
| CURASCRIPT INC, } | |
| } | |
| Defendant. } | |

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now before the Court is Defendant's Motion for Summary Judgment (Doc. 30). For the reasons outlined below, the Motion is GRANTED.

**I. Background**

On March 2, 2006, Plaintiff was attending an out-of-town business meeting incident to her employment as a salesperson with Defendant. *See* Doc. 31, Ex. A at 4. That evening, Plaintiff appeared intoxicated during a networking function and was escorted back to her hotel room by two other employees of Defendant, Joan Zeitlow and Bibi Hashim. *See* Doc. 30, Ex. B at 2. After escorting Plaintiff to her hotel room, which she was sharing with Ms. Zeitlow, Ms. Hashim attempted to leave the room. As Ms. Hashim left, Plaintiff grabbed her hair, forced her to the ground, and grabbed her neck. *See* Doc. 31 Ex. C at 3-5.

Ms. Hashim reported the incident to her supervisor, Tikisha Hughes. *See id.* at 7. Together, Ms. Hashim and Ms. Hughes reported the incident to their boss, Thad Seymour, Defendant's senior vice president and Plaintiff's boss, Sandra Blue. *Id.* Hughes and Seymour contacted Rob Jones, Defendant's vice president of human resources. *See* Doc. 31 Ex. B at 14. Mr. Jones determined that Plaintiff should leave the meeting the next day. *See* Doc. 31 Ex. D at 6. The next day, Mr. Jones ordered an investigation of the incident. *Id.* Lisa Nanda, a human

resources manager employed by Defendant who was not in attendance at the sales meeting, was to conduct the investigation. *Id.* at 8. Ms. Nanda ultimately reported that Plaintiff had been impaired, was escorted to her room, and physically assaulted Ms. Hashim. *Id*. at 9. Based on Ms. Nanda's finding that Plaintiff assaulted a co-worker, Mr. Jones decided to terminate Plaintiff's employment. *Id*.

Though Plaintiff has not denied assaulting her co-worker, she has argued that her actions should have been excused because after returning from the conference she underwent medical tests which found the presence of the "date rape" drug in her system. *See* Doc. 31 Ex. A. at 6; Doc. 33 at 5.

Plaintiff claims that Mr. Jones's testimony regarding the reason for her termination is inconsistent with the reason provided by Defendant to the EEOC. *See* Doc. 33 at 4. Specifically, in his deposition, Mr. Jones stated that the only reason for Plaintiff's termination was her assault of a co-worker, whereas, in the position statement provided to the EEOC, Defendant stated that Plaintiff was terminated "for exhibiting inappropriate behavior at a company-sponsored event and for assaulting a fellow employee." *See* Doc. 31, Ex. A at 6; Doc. 33, Ex. 1 at 2. Plaintiff argues that a third inconsistent statement was provided to the Texas Workforce Commission. *See* Doc. 33 at 6. In the separation details submitted to the Commission, Defendant stated that Plaintiff was terminated after she became "visible [sic] intoxicated and both physically and verbally assaulted some of the fellow employees. The Claimant later tried to blame the incident on being drugged but was unable to supply evidence to that effect." *See* Doc. 33, Ex. 2 at 1

Plaintiff also alleges that another employee became intoxicated at the conference and showed up late to a business meeting the following morning as a result of the intoxication. *See* Doc. 33 at 6.

## II.  Legal Standard

### A.  Summary Judgment

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).  The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323-24, 106 S. Ct. 2548.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348,

89 L. Ed. 2d 538 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas*, P.A., 139 F.3d 532, 536 (5th Cir. 1998). Conclusory "allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88, 106 S. Ct. 1348; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). In reviewing evidence favorable to the party

opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form. *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1988).

### B. *McDonnell Douglas* Framework

This is a case of gender discrimination based solely on circumstantial evidence. As such, Plaintiff's claims are governed by the tripartite burden-shifting scheme established in *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under the *McDonnell Douglas* test, if Plaintiff establishes a prima facie case of discrimination, a presumption of discrimination arises, and the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its employment action. *See Price v. Federal Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). Defendant's burden is satisfied if it produces evidence, which "would permit the conclusion that there was a nondiscriminatory reason for the adverse action." *Id.* (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993)). If Defendant satisfies this burden and articulates a reason that can support a finding that its actions were nondiscriminatory, then "the mandatory inference of discrimination created by the plaintiff's prima facie case drops out." *Id.* (citing *Hicks*, 509 U.S. at 510-11, 113 S. Ct. 2742). Plaintiff must then introduce evidence creating a jury question as to whether the Defendants were motivated by discriminatory animus. Plaintiff meets this burden by showing either (1) that Defendant's articulated reason was pretextual (pretext alternative), or (2) that despite Defendant's legitimate non-discriminatory reason, Plaintiff's protected characteristic was also a motivating factor in the decision (mixed motive alternative). *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). In determining whether summary judgment is appropriate, courts should consider "the strength of the plaintiff's prima facie case, the probative

value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 148-49, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

## III. Analysis

### A. *Prima Facie* Case

Plaintiff does not establish a *prima facie* case. To establish a *prima facie* case of gender discrimination, Plaintiff must show that (1) she was a member of a protected class; (2) she was qualified for the position; (3) she suffered adverse employment action; and (4) she was replaced by someone outside the protected class, or similarly-situated employees outside the protected class were more favorably treated. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001); *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). Plaintiff can show the first three elements required to establish a *prima facie* case: her gender is a protected characteristic, she was qualified for her position, and she was terminated from her employment. However, Plaintiff cannot show that she was replaced by someone outside the protected class, or that a similarly-situated employee outside the protected class was more favorably treated.

Plaintiff presents the example of Eric Quint[1] to show that a similarly-situated employee outside of the protected class was treated more favorably. According to Plaintiff's briefing, Mr. Quint also became intoxicated at the conference and was subsequently late to a business meeting. In his deposition, Mr. Jones stated that he had heard about the incident but did not investigate it. *See* Doc. 33, Ex. 4 at 20-21. Even if Mr. Quint was in fact late to a meeting as a result of drinking too much alcohol, he was not similarly situated with Plaintiff. Two

---

[1] Eric Quint is alternatively referred to as Tim Quinn by Defendant. His actual name is of no import, since it is apparent that the parties are talking about the same employee.

employees who have both engaged in inappropriate or unprofessional behavior are not necessarily similarly situated.  In the workplace and under the law, different types of inappropriate behavior justify different responses.  To demonstrate that another employee outside the protected class is "similarly situated," a plaintiff must show that the supposed misconduct of both employees was "nearly identical." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001).  "The mere fact that two situations can be classified in the same broad category is a far cry from their being nearly identical." *Dodge v. Hertz Corp.*, 124 Fed. Appx. 242, 245, 2005 WL 350586 at *2 (5th Cir. 2005).  In *Okoye*, the court applied similar reasoning in a case where plaintiff had assaulted a co-worker, and several other employees repeatedly slept late. *See Okoye*, 245 F.3d at 514.  The court determined that those employees were not similarly situated. *Id.*  Likewise, Plaintiff and Quint were not similarly situated.  Plaintiff's assault of a co-worker is not "nearly identical" to Quint missing a meeting after over-sleeping.  Since Plaintiff cannot show that a similarly-situated employee outside the protected class was treated more favorably, she cannot establish a *prima facie* case.

### B. Pretext

Even though the Court's analysis thus far is sufficient to dispose of this case, it will nevertheless consider whether Plaintiff's claims could survive, had she established a *prima facie* case.  In this action, they could not.  All Parties agree that Defendant has articulated a legitimate non-discriminatory reason for Plaintiff's termination.  The burden would now shift to Plaintiff, who must show that Defendant's proffered reason is either pretextual or that despite Defendant's legitimate non-discriminatory reason, Plaintiff's protected characteristic was also a motivating factor in the decision. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

Though Plaintiff states that her case is subject to the mixed motive analysis of *Rachid*, her briefing is singularly focused on establishing that Defendant's proffered reason is pretextual.  In trying to establish pretext, Plaintiff repeatedly argues that Defendant's explanations for her termination offered in deposition testimony, to the EEOC, and to the Texas Workforce Commission were inconsistent.  The language used in all three instances is outlined above, and there is simply no merit to the argument that the descriptions are inconsistent.  Every explanation offered states that Plaintiff assaulted a co-worker, that the assault was inappropriate, and that it was the reason for her termination.  The minor differences in Defendant's descriptions are differences related to alternative descriptions of the same incident in broad or specific terms.  Though the descriptions may use different words, they are not inconsistent.  Also, Plaintiff has not produced evidence of discriminatory animus on the part of Defendant.  Accordingly, Plaintiff cannot show that Defendant's proffered explanation for termination is pretextual, and her claims must be dismissed for that reason as well.

## IV.  Conclusion

For the reasons outlined above, Defendant's Motion for Summary Judgment (Doc. 30) is **GRANTED**.

SIGNED at Houston, Texas, this 30th day of September, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE